UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL L. CHOUINARD,

        Petitioner,

  v.                                                       Case No. 08-C-1023

JUDY P. SMITH,

        Respondent.

**ORDER**

On December 1, 2008, Daniel Chouinard filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction for second degree sexual assault and the sentence imposed were in violation of the Constitution. Petitioner was convicted in Dodge County Circuit Court on his plea of no contest and sentenced to seven years of initial confinement and twenty-three years of extended supervision. He is currently incarcerated at Oshkosh Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner raises a number of issues relating to his 2002 no contest plea, exculpatory evidence, and the representation of counsel. Before undertaking review of these claims, however, it is necessary to review the petition for timeliness. 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), states that an application for writ of habeas corpus by a person in custody for a state conviction must be filed within one year of the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date an unlawful impediment to filing a petition is removed; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if newly recognized; or (D) the date on which the factual predicates of the claim could have been discovered through the exercise of due diligence. Any time during which a properly filed application for state post-conviction relief is pending is not counted toward the limitations period. 28 U.S.C. § 2244(d)(2).

According to the state court of appeals opinion addressing his post-conviction claims, the court of appeals found no merit in his appeal in February 2006. *State v. Chouinard*, 756 N.W.2d 477 (Table), 2008 WL 2278682, 2008 WI App 121 (Wis. Ct. App. 2008). It appears that petitioner's state judgment became "final" in March 2006 when petitioner's time for seeking review (thirty days) of that decision in the supreme court expired.[1] Petitioner then waited until February 2007 (eleven months later) to file post-conviction motions in state court. Those were denied in June 2008. Petitioner then filed this action on December 1, 2008 (the petition is signed November 25, 2008). While the period during which his post-conviction motions were pending (February 2007 through June 2008) may be excludable time under § 2244(d)(2), he had already used up eleven of

---

[1] The opinion does not give specific dates.

his twelve months under § 2244(d)(1). Thus, it appears he only would have had about one month – until some time in July 2008 – remaining on the one-year statute of limitations under § 2244(d)(1). He did not drop his petition in the prison mailbox, however, until late November 2008.

Typically in such cases this Court orders the petitioner to show cause why the petition should not be dismissed. But because the record in this case is not manifestly clear (in particular, the dates of the relevant filings), I deem it advisable to hear the position of the respondent as well. Accordingly, I will order the state to address the timeliness issue before the merits of the action are considered. If the case proceeds further, additional briefing will be scheduled.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall file a brief addressing the timeliness of the petition. Petitioner may respond within 21 days of the state's filing.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this    11th    day of February, 2009.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge

3

Case 1:08-cv-01023-WCG   Filed 02/11/09   Page 3 of 3   Document 4