# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

DANIEL L. CHOUINARD,

> Petitioner,

v.                                                      Case No.  08-C-1023

JUDY P. SMITH,

> Respondent.

## ORDER

In a preliminary Rule 4 order, this Court directed the respondent to advise the Court as to its position on the timeliness of the petition.  The respondent has conceded that the filing is, in fact, timely.  Accordingly, I will proceed to screen the petition on its merits.

The petition alleges several claims of error relating to the petitioner's plea agreement and conviction.  He asserts that the trial court accepted an invalid plea, his counsel was ineffective, the state withheld exculpatory evidence, and his right to a speedy trial was violated.  First, petitioner cites Wis. Stat. § 971.08(1)(a), which mandates that defendants understand the nature of the charges against them.  This statute reflects the federal Constitution's mandate that defendants make informed decisions when they relinquish their rights:

> A guilty plea must be voluntary and intelligent.  To enter a voluntary and intelligent plea, a defendant must have full awareness of the plea's "direct consequences," *Brady v. United States,* 397 U.S. 742, 755 (1970), "real notice of the true nature of the charge against him," *Henderson v. Morgan,* 426 U.S. 637, 645 (1976), and understand "the law in relation to the facts," *McCarthy v. United States,* 394 U.S.

459, 466 (1969). Whether a plea was entered knowingly and voluntarily is determined from "all of the relevant circumstances surrounding it." *Brady,* 397 U.S. at 749.

*Virsnieks v. Smith,* 521 F.3d 707, 714 (7th Cir. 2008).

The state court of appeals rejected this claim, finding that petitioner had not identified any direct consequences of his plea about which he was ignorant. He cited exposure to Wisconsin's Chapter 980, but that is not a direct consequence of the plea that requires his knowledge. (Or at least no clearly established federal law mandates it.) *Id.* at 715. Thus, to the extent he alleges he was not informed about collateral consequences such as Chapter 980, the claim will be dismissed. He also argues that certain portions of the record show that he thought he was merely pleading to an *attempt*. Because these transcripts are not presently before me, I cannot rule out the possibility of relief at this time.

As for petitioner's exculpatory evidence claim, it is unclear whether the claim is properly exhausted, as the court of appeals found his argument undeveloped and partially waived. (Petition at 26.) He asserts that photos and DNA evidence would prove his innocence. Although the claim is confused and underdeveloped in petitioner's brief, I cannot determine conclusively that it lacks any merit.

Petitioner devotes the bulk of his efforts to his claim for ineffective assistance of counsel. Although he cites a laundry list of ten of counsel's errors (failure to investigate, failure to contact witnesses, etc.), it is not a court's job (nor a respondent's) to browse through the record and try to imagine instances of ineffective assistance and prejudice based on undeveloped headings in a brief. His argument focuses on the failure of counsel to obtain evidence (e.g., photos, DNA, and witness interviews). Although these instances at least state plausible claims for ineffective assistance, there

2

is a danger that the claims have been defaulted – the court of appeals called his arguments "vague and unspecific." But for now, they will survive screening. The respondent need only respond to the failure of counsel to obtain evidence, which is the only issue briefed by petitioner.

Finally, petitioner claims his right to a speedy trial was violated because the length of time that passed (two years) "overwhelmed" him and caused him to enter a plea agreement. He merely asserts that "he believes that the numerous continuances have prejudiced his initial plea agreement and his constitutional right to fair proceedings." (Br. at 3.) As the court of appeals found, this is too vague and undeveloped to support a claim based on a speedy trial violation. Moreover, a delay of that nature of not unusual and is not outside the bounds of what is constitutionally permissible. Finally, a petitioner alleging a speedy trial violation must show some concrete prejudice, and all this petitioner has is an undeveloped belief that his plea agreement was somehow harmed. *Danks v. Davis,* 355 F.3d 1005, 1008 (7th Cir. 2004) (6 ½ year delay not unreasonable and petitioner failed to show prejudice). Accordingly, this claim will be dismissed.

In sum, petitioner may proceed on the ineffective assistance and exculpatory evidence claims. He may also proceed on his involuntary plea claim, but only to the extent it alleges his ignorance about the direct consequences of his plea. His speedy trial claim is dismissed.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) respondent shall have 45 days from this date to file a brief in

3

opposition, and (2) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Dated this ___6th___ day of April, 2009.

     s/ William C. Griesbach
William C. Griesbach
United States District Judge

4